IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

GLEN B. PRESCOTT, JR.,

    Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a corporation,

    Defendant.

CIVIL ACTION NO.: CV512-013

## ORDER

This case, brought under the Federal Employers' Liability Act, 45 U.S.C. §51, *et seq* ("FELA"), arises out of an incident wherein Plaintiff was allegedly injured while working as an employee of Defendant. Plaintiff contends that while he was holding a brake rod, a wheel from a truck assembly rolled over his foot. Plaintiff alleges Defendant knew or should have known of the safety hazards inherent to this line of work and did not provide reasonable safety measures to protect employees from this danger.

Defendant filed eighteen Motions in Limine seeking to exclude various matters from trial. Plaintiff filed a Response. Defendant followed with a Reply. "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Lacy v. Wallace, 2012 WL 1601067, *1 (S.D. Ga. May 7, 2012) (quoting Stewart v. Hooters of America, Inc., 2007 WL 1752843, *1 (M.D. Fla. June 18, 2007); citing Luce v. United States, 469 U.S. 38, 41 (1984); Hawthorne Partners v.

AT&T Technologies, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).[1] "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id.

The Court rules as follows:

**1. Evidence regarding post-incident investigations and reports**

Defendant moves to exclude any reference to or evidence pertaining to the "Personal Injury Report" created by CSXT personnel following Plaintiff's accident, all drafts of the report, emails exchanged between CSXT employees regarding the investigation and report, and the actual measures taken by Defendant following Plaintiff's accident. Defendant relies on Federal Rules of Evidence 403 and 407 to support exclusion of these materials. In response, Plaintiff offers authority suggesting that post-accident investigations and reports are relevant and should not be excluded as subsequent remedial measures within the meaning of Rule 407's proscription. This Rule provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

FED. R. EVID. 407.

**(a) CSXT's purchase of brake rod holder tools**

Defendant asserts that proposals regarding and the actual implementation of the use of brake rod holders throughout its company was a direct response to Plaintiff's

---

[1] Decisions relevant to the issues brought forth in this Motion occur rarely in the Eleventh Circuit Court of Appeals. Consequently, the undersigned refers to other courts for persuasive, although not binding, authority.

accident. (Doc. No. 42, pp. 1-3). If CSXT's purchase and company-wide approval for the use of these tools was, in fact, a direct response to Plaintiff's accident, then these actions clearly qualify as a subsequent remedial measure. Thus, evidence of the proposals regarding and the actual purchase of the tool shall be excluded at trial in accordance with the strictures of Rule 407.

The Court is aware that Plaintiff contends this evidence is admissible for the purpose of impeachment. (Doc. No. 38, p.8). If Plaintiff can produce evidence contradicting the supporting evidence provided in Defendant's Reply, (Doc. No. 42, pp. 1-3), this evidence may be admissible for the purpose of impeachment under Rule 407. The Court reserves that question, if it arises, for trial.[2]

### (b) The Reports, their drafts, and corresponding emails

While it appears that other courts have split on the issue, this Court finds that post-accident investigations and reports are not *per se* excludable as subsequent remedial measures. Post-accident reports and investigations can be distinguished from actual remedial measures, even if the report itself recommends such measures be taken. Post-accident investigations cannot inherently be characterized as "measures" that would make an incident "less likely to occur" as contemplated by the Rule. FED. R. EVID. 407. This Court agrees that "[i]t would strain the spirit of the remedial measure prohibition in Rule 407 to extend its shield to evidence contained in post-event tests or reports." McCollim v. CSX Transp., Inc., No.CV599-116 (S.D. Ga. Sept. 16, 2002)

---

[2] See generally Wood v. Morbark Indus., Inc., 70 F.3d 1201, 1208 (11th Cir. 1995) (explaining that evidence of subsequent remedial measures offered under the impeachment exception of Rule 407 should be used when "necessary to prevent the jury from being misled."); Harrison v. Sears, Roebuck & Co., 981 F.2d 25, 31 (1st Cir. 1992) (noting that courts admitting evidence under Rule 407's impeachment exception involve "a great [ ] nexus between the statement sought to be impeached and the remedial measure . . . Rule 407's impeachment exception must not be used as a subterfuge to prove negligence or culpability.")).

AO 72A
(Rev. 8/82)

(order on motion in limine) (quoting Rocky Mountain Helicopters v. Bell Helicopters, 805 F.2d 907, 918 (10th Cir. 1986)).[3]

Defendant describes the Personal Injury Report and Action Plan Developed to Prevent Reoccurrence as "generated for the purpose of analyzing the accident and preventing similar future harms." (Doc. No. 34, p. 1). Although characterized jointly, the Report and Action Plan can easily be distinguished by the factual, investigatory nature of the former and the preventative, remedial substance of the latter. Therefore, the Court finds that the drafts and final version of the Personal Injury Report may be admitted.

In contrast, the Action Plan portion of the Report, its draft versions, and all email communications regarding the implementation of remedial action are not admissible for impermissible purposes under Rule 407, as these materials are plainly evidence regarding subsequent remedial measures.[4] Additionally, any references to these remedial efforts contained elsewhere (i.e., in the Table of Contents) shall be redacted for use and evidence at trial. Exclusion of the portions of the Report which pertain to proposed and enacted remedies comports with the "spirit of the remedial measure prohibition." McCollim, No.CV599-116. This conclusion had also been reached by other courts, holding that:

> A report prepared for the purpose of improving procedures to prevent future harms is a subsequent remedial measure. Reports prepared for a purpose other than remedying a problem may not be excluded by Rule 407. However, portions of such reports that propose remedies must still be excluded under Rule 407.

---

[3] See also Pretiss & Carlisle v. Kohring-Waterous, 972 F.2d 6, 10 (1st Cir. 1992) (explaining that although post-incident reports "may often result in remedial measures being taken (as occurred here) [Rule 407] does not mean that evidence of the analysis may not be admitted.").

[4] The remainder of the emails appears to the Court to be purely administrative in nature and should thus be excluded as irrelevant. FED. R. EVID. 401.

4

AO 72A
(Rev. 8/82)

Consequently, Rule 407 excludes the recommendations for corrective action if those recommendations are offered to prove [defendant's] culpable conduct.

Williams v. Asplundh Tree Expert Co., 2006 WL 2868923, *5 (M.D. Fla. Oct. 6, 2006) (citations omitted).[5]

As set forth above, this portion of Defendant's Motion is **DENIED** in part and **GRANTED** in part.

2. **Evidence to encourage the jury to punish CSXT**

Defendant seeks to prevent any reference to or evidence regarding the award of punitive damages. Defendant also provides law stating that counsel may not advise the jury to "send a message" as part of their duty as the "conscience of the community." Plaintiff did not object to this portion of the Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

Plaintiff's request to identify the jurors as members of the community and discuss the importance of jurors' role in community service is unnecessary. The trial judge will ensure the jurors have been apprised and are fully aware of their civic duty. Plaintiff's request is **DENIED**.

3. **Evidence of the purpose behind FELA**

Defendant wishes to prevent Plaintiff from making any reference to the FELA's purpose, intent, or history. Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

Plaintiff instead asserts that counsel's mention of the purpose of the FELA should not be precluded. Again, this concern is without merit; the presiding judge will

---

[5] See also Alimenta (U.S.A.), Inc. v. Stauffer, 598 F. Supp 934, 940 (N.D. Ga. 1984) (finding a post-incident report excludable as a subsequent remedial measure because the purpose of the report was improvement of procedures and controls).

adequately instruct the jurors on the purpose of FELA and its applicability to this case. Plaintiff's extraneous request is **DENIED**.

4.  **Reference to lack of other remedies available to Plaintiff**

Defendant moves to exclude any reference to or evidence pertaining to Plaintiff's ineligibility for workers' compensation or other remedies under FELA. Plaintiff states that he does not intend to present any such evidence. Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

Plaintiff makes a request that, during voir dire, counsel may delve into potential jurors' familiarity and experience with workers' compensation and whether they can adequately set aside any existing knowledge of workers' compensation when weighing the evidence in this case. Workers' compensation procedures are irrelevant to this case. Plaintiff's request is **DENIED**.

5.  **Evidence regarding other settlements, verdicts, lawsuits, other accidents, injuries, or occurrences**

In this portion of Defendant's Motion, Defendant specifically seeks to exclude any evidence of or reference to a prior accident involving an employee under allegedly similar circumstances to Plaintiff's incident, without a showing of substantial similarity. Plaintiff states he intends to present evidence of a similar incident to demonstrate "that the CSX work practice involved was dangerous and that CSX had notice of that danger." (Doc. No. 38, p. 10). The Eleventh Circuit has explained:

> The doctrine of substantial similarity applies when one party seeks to admit prior accidents or occurrences involving the opposing party, in order to show, for example notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the

standard of care, and causation. In order to limit the substantial prejudice that might inure to a party should these past occurrences or accidents be admitted into evidence, courts have developed limitations governing the admissibility of such evidence, including the "substantial similarity doctrine." This doctrine applies to protect parties against the admission of unfairly prejudicial evidence, evidence which, because it is not substantially similar to the accident or incident at issue, is apt to confuse or mislead the jury.

Tran v. Toyota Motor Corp., 420 F.3d 1310, 1316 (11th Cir. 2005).

Evidence of prior accidents is admissible if the proponent of the evidence demonstrates that conditions substantially similar to the incident in question caused the prior accident. Hessen v. Jaguar Cars, 915 F.2d 641, 649 (11th Cir. 1990). Also, the prior occurrence must not be too remote in time. Id. Further, the admission of such evidence is within the discretion of the trial court regarding whether the potential confusion of the issues or prejudice which may result from the admission of the evidence is disproportionate when compared to the probative value of the evidence. Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1396 n.13 (11th Cir. 1997) (quoting Jones & Laughlin Steel Corp. v. Matherne, 348 F.2d 394, 400 (5th Cir. 1965)). Considering the information currently before the Court, it appears that the specific 1988 incident which happened in Baldwin, Florida, and is currently at issue, occurred too remote in time; therefore, this portion of Defendant's Motion is **GRANTED** at this time. If Plaintiff has more information relating to this 1988 incident in support of the argument that this event is admissible, then the Court may entertain this evidence outside the presence of the jury.

Additionally, Defendant moves to exclude, "absent a showing of substantially similarity, all references to or evidence of other settlements, verdicts, lawsuits,

AO 72A
(Rev. 8/82)

accidents, injuries, or occurrences." (Doc. No. 34, p. 8). This portion of Defendant's Motion is **GRANTED**.

6. **Evidence of possibility of safer/alternative methods**

Defendant contends any reference to or evidence of alternative, safer methods should be precluded unless reference is made to whether the methods that were in place were reasonably safe. Plaintiff counters that such evidence is highly relevant and important. Plaintiff contends that the jury must be informed of safer, alternative methods in order to make an intelligent determination as to whether CSXT exercised reasonable care.

Although proof of a safer, alternative method alone may be insufficient to prove negligence, Defendant's own Motion admits the relevance and admissibility of this type of evidence. (Doc. No. 34, p. 8); Stone v. New York, Chicago, & St. Louis R.R. Co., 344 U.S. 407, 409 (1953). The standard for relevance is very low, in that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is admissible. FED. R. EVID. 401. However, Rule 403 provides that relevant evidence may nonetheless be inadmissible if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Evidence of the existence of safer, alternative methods may be relevant to the issue of reasonable care. Cook v. CSX Transp., Inc., 2008 WL 2275544, *3 (M.D. Fla. June 2, 2008). Defendant relies on authority that explains a plaintiff should be

AO 72A
(Rev. 8/82)

prevented from "attempt[ing] to prove negligence 'in a vacuum' by showing that safer equipment could have been used, irrespective of whether the equipment actually used met the standard of reasonable care," Combs v. Norfolk & W. Ry. Co., 256 Va. 490, 497, 507 S.E.2d 355, 359 (1998) (quoting Stillman v. Nofolk & W. Ry. Co., 811 F.2d 834 (4th Cir. 1987)), but, in that case, the court found evidence of safer, alternative measures "directly relevant to the issues presented by the parties' pleadings." Combs, 256 Va. at 497.[6] Any risk of confusion of the issues or prejudice to Defendant may be addressed through a limiting jury instruction. See Cook, 2008 WL 2275544 at *3; Delvecchio v. Metro-N. R. Co., 2004 WL 2851951, *3 (D. Conn. Dec. 9, 2004). It would be premature for the Court to grant Defendant's Motion prior to presentation of evidence at trial; therefore, this portion of Defendant's Motion is **DENIED** at this time. The Court will determine the admissibility of any such evidence offered at trial in accordance with the applicable rules.

7. **Evidence pertaining to (a) Plaintiff's workplace character or (b) that CSTX did not initiate disciplinary proceedings against Plaintiff**

   (a) **Plaintiff's workplace character**

   Defendant moves to prevent Plaintiff from offering evidence of "his alleged good character, truthfulness, and exemplary work history." (Doc. No. 34, p. 9). Defendant argues this type of evidence is limited by Federal Rules of Evidence 404 and 608(a).

---

[6] Additionally, the Court in Stillman, *supra*, did not find evidence of safer, alternative methods inadmissible as a matter of law. In Stillman, the Fourth Circuit held that it was within the discretion of the district court to exclude evidence of safer alternative methods. Stillman, 811 F.2d at 838. However, the court also did not find that admitting such evidence was erroneous. Id. In fact, the Fourth Circuit found it harmless error that the evidence of the allegedly safer, alternative methods had been testified to at trial, even though the jury was not instructed to disregard the testimony. Id.

9

Plaintiff argues this type of character evidence is not clearly inadmissible on all grounds.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." FED. R. EVID. 404(a)(1). Accordingly, evidence of Plaintiff's good character and reputation in the workplace will not be permitted to prove that Plaintiff acted in accordance with that character on the date of his accident. However, evidence of Plaintiff's reputation for truthfulness is not inadmissible for all purposes. FED. R. EVID. 608. At this stage of the litigation, the Court has no way of knowing the purpose for which this evidence might be offered at trial; thus, it cannot determine whether evidence of Plaintiff's alleged good work history or absence of prior discipline is clearly inadmissible.[7] The admissibility of reputation or opinion evidence pertaining to Plaintiff's reputation in the workplace will be determined at trial in accordance with the applicable rules; therefore, this portion of Defendant's Motion is **DENIED**.

### (b) Evidence that CSTX did not initiate disciplinary proceedings against Plaintiff

Defendant moves to prohibit any reference or evidence pertaining to whether CSXT initiated employee disciplinary proceedings against Plaintiff following the accident at issue. Defendant contends that this evidence is irrelevant, *unless* it opens the door at trial by arguing Plaintiff was in violation of work rules. Plaintiff essentially

---

[7] Defendant's support for the irrelevance of Plaintiff's prior good workplace disciplinary history is not instructive. In the case cited by Defendant, Johnson v. Union Pac. R.R. Co., the Nebraska district court noted that the plaintiff's previous reputation for safety and his exemplary work history would be inadmissible as offered to show "whether plaintiff worked consistently before the accident compared to after the accident . . . The fact that he was able to work consistently before the accident *because* he was never disciplined is not relevant." 2007 WL 2914886, *4 (D. Neb. Oct. 4, 2007).

AO 72A
(Rev. 8/82)

agrees, by emphasizing that this evidence would be admissible in the event Defendant presents the argument that Plaintiff violated work rules and that his doing so contributed to his injury.

The Court agrees with the Parties' assessment; therefore, this portion of Defendant's Motion is **GRANTED** at this time. However, should CSXT present argument or evidence of Plaintiff's violation of work rules, the Court will determine the admissibility of any such evidence offered at trial in accordance with the applicable rules.

### 8. Evidence of statements between Plaintiff and his physicians

Defendant seeks to bar any testimony from Plaintiff concerning statements made to him by his medical providers encompassing "Plaintiff's diagnosis, prognosis, disability, or impairment." (Doc. No. 34, p. 10). Defendant does not offer a particular statement that it asserts to be inadmissible hearsay.[8] Plaintiff points out that such a statement may be offered at trial for an admissible purpose. FED. R. EVID. 801(c). At this time, the Court cannot determine whether such statements would be admissible; therefore, this portion of Defendant's Motion is **DENIED** at this time. The Court will address the admissibility of any such evidence offered at trial in accordance with the applicable rules.

---

[8] Defendant offers support for the argument that reference to information a plaintiff's physician relays to him qualifies as "rank hearsay." Rudd v. Geneva County Comm'n, 2008 WL 5273115, *7 (M.D. Ala. Dec. 18, 2008). This authority is not convincing. In that case, the challenged hearsay statement was offered to prove the truth of the matter asserted (that plaintiff contracted staph at the jail because his physician told him he did) at the summary judgment stage of litigation.

9. **Evidence of conversations between Plaintiff and outside parties**

Defendant moves to prevent any testimony from Plaintiff regarding evidence of conversations with non-parties concerning his accident. Again, Defendant offers no specific statement or impermissible purpose which qualify these alleged statements as inadmissible hearsay. At this time, it would be impossible for the Court to determine that all such statements are clearly inadmissible for any purpose; therefore, this portion of Defendant's Motion is **DENIED** at this time. The Court will address the admissibility of any such evidence offered at trial in accordance with the applicable rules.

10. **Evidence relating to medical expenses**

Defendant moves to exclude any reference to or evidence pertaining to medical bills or expenses incurred by Plaintiff relating to this action that have been paid by CSXT. Plaintiff states that he does not intend to offer evidence of or make a claim for these expenses or payments. Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

11. **Evidence of indemnification or insurance**

Defendant wishes to exclude any reference to or evidence suggesting that CSXT has been indemnified or is protected by insurance coverage for the events giving rise to this suit. Plaintiff states that he does not intend to offer evidence regarding CSXT's insurance coverage; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

Plaintiff's concerns regarding the connection of any potential juror to the insurance industry, generally, or CSXT's insurance provider (should it have an insurer
12

covering this claim specifically) will be dealt with through voir dire procedures at the appropriate time.

## 12. Evidence relating to loss of consortium or services

Defendant seeks to preclude evidence tending to support a claim for loss of consortium by Plaintiff's wife. Plaintiff states that his spouse does not intend to claim loss of consortium, but he can present evidence regarding his own injuries due to his loss of enjoyment and services. The Court agrees with Plaintiff that he may present evidence of his own alleged damages, but not those of his wife; therefore, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

## 13. Evidence relating to discovery disputes

Defendant asks the Court to prohibit reference to any discovery dispute between the parties. Plaintiff did not object to this portion of Defendant's Motion. This portion of Defendant's Motion is **GRANTED** as unopposed.

## 14. Reference to non-active participants present in the courtroom

Defendant asserts any reference to the presence of unnamed, non-participating CSXT representatives who may be present in the courtroom at trial should be barred. Defendant contends that reference to such persons would be irrelevant and prejudicial. (Doc. No. 34, p. 12). Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

Plaintiff's request that Defendant be required to identify "everyone that it will have in the courtroom" is superfluous. (Doc. No. 38, p. 15). The presence of non-participating CSXT representatives in the courtroom is irrelevant. See Ray v. Ford Motor Co., 2011 WL 6183099, *6 (M.D. Ala. Dec. 13, 2011) (noting the presence of a

corporate representative of Ford irrelevant, as such person's presence or absence would not tend to make any necessary fact more or less probable). Any connection a potential juror may have to members of CSXT who are active and participating at trial will be appropriately addressed through voir dire procedures.

**15. Propriety of surveillance activity**

Defendant moves to exclude any implication regarding or reference to the propriety of surveillance activity. Defendant cites authority supporting the justifications for and reasonableness of conducting surveillance activities in a personal injury case. (Doc. No. 34, p. 13). Plaintiff finds this Motion "puzzling, since to date, CSX has not disclosed that it ever conducted any surveillance on the Plaintiff." (Doc. No. 38, p. 16). The Court is likewise perplexed. Defendant has submitted no materials to the Court that indicate any surveillance activity has occurred; therefore, this portion of Defendant's Motion is **DENIED**.

**16. Evidence of settlement discussions**

Defendant moves to prohibit any reference to any settlement discussions among the parties or their representatives. Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

**17. Reference to "cumulative trauma"**

Defendant seeks to prevent the admission of any evidence pertaining to or referencing any "cumulative trauma" suffered by Plaintiff that is unrelated to the event occurring on July 8, 2010. Plaintiff did not object to this portion of Defendant's Motion; therefore, this portion of Defendant's Motion is **GRANTED** as unopposed.

AO 72A
(Rev. 8/82)

**18. Argument or evidence regarding parties' relative size, status, etc.**

Defendant contends any reference to or evidence regarding the parties' size, status, wealth, or relative financial conditions should be excluded. Defendant asserts that such evidence is improper, irrelevant, and prejudicial. Defendant is evidently concerned Plaintiff will reference CSXT's "wealth" or "power" in contrast to Plaintiff's "own financial condition or poverty." (Doc. No. 34, p. 14).

Plaintiff counters that admitting evidence demonstrating CSTX's size is unavoidable, as Plaintiff must show Defendant operates in interstate commerce as part of his prima facie case. Plaintiff does not otherwise address Defendant's Motion on this issue; therefore, this portion of Defendant's Motion is **GRANTED**, in part, as unopposed. Plaintiff will, of course, be allowed to present evidence concerning Defendant's participation in interstate commerce as it pertains to CSXT's operation as a common carrier railroad.

SO ORDERED, this 22nd day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE