IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

2013 MAR 28 P 2: 17

GLEN B. PRESCOTT, JR.,

       Plaintiff,

v.

CSX TRANSPORTATION, INC.,
a corporation,

       Defendant.

CIVIL ACTION NO.: CV512-013

## ORDER

Defendant filed a Motion in Limine to exclude from trial the testimony of Plaintiff's expert, John David Engle, Jr. ("Engle"). Plaintiff filed a Response. Defendant followed with a Reply. Essentially, Defendant contends that Engle's testimony is: (A) not sufficiently reliable, and (B) his opinions will not assist the trier of fact.

The Court of Appeals for the Eleventh Circuit has set forth a three-part inquiry for courts determining the admissibility of expert testimony. This Court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert[1]; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

---

[1] Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004).[2]

## (A) Defendant's argument that Engle's testimony does not have a reliable foundation

Defendant contends that Engle's opinions are not reliable because they are not "reliably derived from any method or from his experience . . . Engle seeks to offer opinion testimony which has nothing to do with his experience as a former railroad employee or his supposed familiarity with railroad regulations, rules, and industry standards." (Doc. No. 36, p. 8).

Generally, factors to consider when evaluating reliability include: (1) whether the expert's theory has been tested; (2) whether the theory has been subjected to peer review or publication; (3) the potential rate of error of the technique used; and (4) whether the technique is generally accepted in the relevant scientific community. Frazier, 387 F.3d at 1262. However, those factors are not always applicable. As Engle's testimony is based primarily on experience, the test for reliability is found in the Advisory Committee's Notes to Federal Rule of Evidence 702.[3] Engle "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." FED. R. EVID. 702, Advisory Committee's Notes.

---

[2] Throughout its Motion, Defendant makes several criticisms of Engle's qualifications as an expert; however, it never distinctly argues Engle's testimony should be excluded on this ground. Instead, Defendant argues that Engle's alleged lack of qualifications render his opinions insufficiently reliable and unhelpful to the jury. Therefore, the Court does not separately address the first prong of the Frazier inquiry.

[3] The court in Frazier stated that the "same criteria that are used to assess the reliability of a scientific opinion *may* be used to evaluate the reliability of non-scientific, experience-based testimony . . . [but] sometimes other questions may be more useful." Frazier, 387 F.3d at 1262 (emphasis added and citations omitted). Because the test laid out in the Advisory Committee's Notes is specific to expert opinions based on experience, the Court finds it to be the more useful test.

AO 72A
(Rev. 8/82)

Plaintiff has offered Engle's experience as the basis for his qualification to render an expert opinion in this case. Engle was employed by Norfolk Southern for eighteen years in various capacities. (Doc. No. 18-2, p. 6). Initially, Engle was employed as a student mechanic carman, was subsequently promoted through positions as a training instructor, and ultimately to superintendent of air brakes. (Id.). These positions gave Engle experience in inspecting and repairing freight cars; responsibility for training newly hired carmen on safety, welding, and airbrake testing; and responsibility for the maintenance of the company's air brakes. (Id.). Engle avers that, during his time with Norfolk Southern, he correctly performed the task Plaintiff was attempting, but also had responsibility for supervising and training carmen on the proper procedure for the job. (Doc. No. 45-1, pp. 1-2). Additionally, Engle has roughly fifteen years of experience providing expert witness testimony to litigants in cases against railroads. (Doc. No. 18-2, p. 6). Engle has also worked as a free-lance welder since his departure from Norfolk Southern. (Id., p. 6).

The expert report Plaintiff produced discloses that, in forming his opinions, Engle reviewed: the Complaint and Answer in the instant case; initial disclosures and discovery responses made by the parties to this case; pictures of a brake rod holder; photos and other documents submitted by CSXT; and the Employee Injury Report. (Doc. No. 18-2, pp. 2-3). Additionally, Engle visited the site of the incident, has reviewed deposition testimony taken in the case, interviewed Plaintiff, and spoken to other individuals with experience at CSXT. (Doc. No. 45-1, pp. 2-3). Plaintiff asserts that Engle's opinion is based on his review of materials and equipment, coupled with his training and experience. Plaintiff claims that Engle's "opinions will assist the jury to

3

understand the evidence, the procedure involved and the prevailing standards of care for this procedure in the railroad industry." (Doc. No. 45, p. 3). The Court finds that Plaintiff has presented sufficient evidence for Engle's testimony to meet the reliability prong of the Frazier test.

**(B) Defendant's argument that Engle's testimony will not assist the trier of fact**

Expert opinion testimony must assist the trier of fact. Frazier, 387 F.3d at 1260. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." Id. at 1262 (citation omitted). Defendant contends that Engle's opinions are not proper expert testimony, as "no one disputes the obvious risks inherent in standing in front of and in close proximity to moving equipment." (Doc. No. 49, p. 3). Further, Defendant alleges Engle cannot offer expert testimony because his opinions constitute an "uncritical adoption of Plaintiff's disputed assertions regarding his training and work practices." (Doc. No. 36, p. 8).

The obviousness of the risk involved in placing oneself in front of heavy, moving machinery may well be a subject that is within the ordinary comprehension of a jury. However, the jurors may not necessarily be aware of the existence of safer alternatives or railroad industry practices relevant to the task Plaintiff was completing. An expert knowledgeable in railroad operation and the job in question would thereby aid jurors in understanding the pertinent issues involved. Defendant's allegations that Engle simply parrots Plaintiff's version of the case goes to the quality of the testimony he offers. These arguments regarding Engle's testimony are more properly viewed as attacks on the weight to be given his testimony, not an attack on admissibility. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of

AO 72A
(Rev. 8/82)

proof are the traditional and appropriate means of attacking shaky but admissible evidence." McDowell v. Brown, 392 F.3d 1289, 1299 (11th Cir. 2004) (internal punctuation and citations omitted).

Based on the foregoing, Plaintiff's Motion in Limine (Doc. No. 36) is **DENIED**.

**SO ORDERED**, this 28th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE